IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM STAPLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1007-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON THE DEFENDANT'S MOTION TO DISMISS**

The Plaintiff is a federal prisoner who claims physical injury when his chair leg "gave out" on January 29, 2008. Based on this incident, Mr. William Staples has sued the federal government under the Federal Tort Claims Act ("FTCA") for negligence and violation of the United States Constitution. Arguing that the action is untimely, the government invokes Federal Rule of Civil Procedure 12(b)(1) and moves for dismissal based on the absence of jurisdiction.[1] The motion should be granted although the dismissal should be "without prejudice."

---

[1] When the defendant seeks dismissal based on the absence of jurisdiction, the court must treat the motion as one for summary judgment "when resolution of the jurisdictional question is intertwined with the merits." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). Conversion is unnecessary here because the FTCA statute of limitations does not create a jurisdictional question intertwined with the merits. *See Trobaugh v. United States*, 35 Fed. Appx. 812, 814-15 (10th Cir. May 23, 2002) (unpublished op.) (holding that the district court had properly treated a motion to dismiss, based on timeliness of an FTCA claim, as one involving a lack of subject-matter jurisdiction because the statutory limitations period does not create an issue intertwined with the merits).

The federal government enjoys sovereign immunity, but that immunity is subject to exception for claims arising under the FTCA.² The dispositive issue here is whether the Plaintiff's claims fall within the statutory exceptions to the government's sovereign immunity. The Court should answer in the negative.

<u>Standard for Dismissal</u>

"To survive a motion to dismiss under Rule[] 12(b)(1), . . ., the pleadings must . . . state a basis for subject matter jurisdiction."³ Because the Defendant has relied on allegations in the complaint, the Court must assume that they are true and construe all reasonable inferences in favor of Mr. Staples.⁴

---

² *See Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) ("The governing law in this case, the FTCA, provides a limited waiver of the federal government's sovereign immunity.").

³ *Greenlee v. United States Postal Service*, 247 Fed. Appx. 953, 954 (10th Cir. Sept. 7, 2007) (unpublished op.; citation omitted).

⁴ *See Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009) (stating that on motions to dismiss FTCA claims under Rule 12(b)(1), the court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor" (footnote & citation omitted)), *cert. denied*, __ U.S. __, 130 S. Ct. 1892 (2010); *see also Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("when a defendant asserts that the complaint [containing an FTCA claim] fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged").

## Constitutional Claim

As noted above, the federal government ordinarily enjoys sovereign immunity.[5] One exception involves claims covered by the FTCA.[6] But the FTCA does not cover constitutional claims.[7] As a result, the Court lacks jurisdiction over Mr. Staples' constitutional claim.[8]

## Negligence Claim

The same is true of the Plaintiff's negligence claim.

I. The Timeliness Requirement

This type of claim can ordinarily be maintained under the FTCA.[9] However, the statute requires submission of a tort claim within two years of the accrual of the cause of

---

[5] *See supra* p. 2.

[6] *See supra* p. 2.

[7] The Supreme Court held that a person's "constitutional tort claim [was] not 'cognizable' under [28 U.S.C.] § 1346(b) because it [was] not actionable under § 1346(b)-that is, §1346(b) [did] not provide a cause of action for such a claim." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 477 (1994).

[8] Mr. Staples argues that the government consented to suit when it informed him of the six-month deadline. Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at pp. 6, 8 (Feb. 25, 2011). But the government's statement did not suggest an ability to sue for constitutional violations, which fall outside the FTCA. *See id.*

[9] *See United States v. Muniz*, 374 U.S. 150, 150 (1963) (holding that a federal prisoner can recover damages from the United States for personal injuries caused by the negligence of a governmental employee).

action and the filing of suit within six months of the claimant's receipt of an adverse determination by the agency.[10] Compliance with the six-month deadline is jurisdictional.[11]

II. Application of the Six-Month Deadline

The complaint is silent about the date that the Plaintiff obtained notice of the agency's decision. In a prior suit, however, the Plaintiff had alleged receipt of the administrative determination on or about July 10, 2008.[12]

After giving notice and an opportunity to be heard, the Court determined that it would take judicial notice of the amended complaint in the prior suit.[13] "In essence, judicially noticeable facts are incorporated into the complaint."[14] Thus, the Court can consider Mr. Staples' prior pleading in connection with the motion to dismiss.[15]

---

[10] *See* 28 U.S.C. 2401(b) (2006).

[11] *See Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004) ("the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)" (citation omitted)).

[12] Amended Complaint at p. 1, *Staples v. United States*, Case No. CIV-08-531-D (W.D. Okla. Aug. 14, 2008). In his response brief and an affidavit, Mr. Staples acknowledges denial of the tort claim on July 10, 2008. Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at pp. 2-3 & Attachment 1 at p. 2 (Feb. 25, 2011). However, in the response brief and affidavit, Mr. Staples does not say when he had received the administrative decision.

[13] Enter Order at p. 2 (Feb. 17, 2011).

[14] *Pompa v. American Family Mutual Insurance Co.*, 520 F.3d 1139, 1149 (10th Cir. 2008).

[15] *See supra* p. 2.

4

Under the FTCA, the Plaintiff had six months from his receipt of the agency's decision, July 10, 2008, in which to bring the present action.[16] The six-month period ended of January 12, 2009,[17] and the Plaintiff did not bring the present action until more than a year and eight months later. Thus, the negligence claim was not timely filed.

III. Tolling from Dismissal of the First Suit

In response to a show cause order, the Plaintiff urged "tolling" from dismissal of the earlier suit.[18] There is no legal principle that would allow tolling for the earlier suit.[19]

Even with tolling, the present action would have remained untimely. The prior suit was pending from May 19, 2008, to July 17, 2009.[20] Even with tolling from denial of the administrative claim to termination of the prior suit, 28 U.S.C. § 2401(b) would have

---

[16]   *See supra* pp. 3-4.

[17]   The six-month period would have ended on January 10, 2009. Because that day was a Saturday, Mr. Staples would have had until the next weekday (January 12, 2009) to file the complaint. *See* Fed. R. Civ. P. 6(a)(3) (eff. Dec. 1, 2008).

[18]   Response to Court Order (Sept. 30, 2010).

[19]   *See Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (*per curiam*) (holding that a prior FTCA suit did not toll the limitations period in 28 U.S.C. § 2401(b)); *McGregor v. United States*, 933 F.2d 156, 161-62 (2d Cir. 1991) (same holding); *see also Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (stating that for purposes of the six-month provision in Section 2401(b), the dismissal of the first FTCA suit left the claimant "in the same position as if the first suit had never been filed" (citation omitted)); *cf. Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004) (holding that dismissal of a prior suit without prejudice does not authorize the filing of a subsequent FTCA suit outside of the limitations period).

[20]   *See* Order (Feb. 28, 2011) (taking judicial notice of this fact after the parties' announcement of consent); *see also supra* p. 4.

obligated Mr. Staples to file a new FTCA suit within six months of July 17, 2009.[21] However, he waited over a year and eight months to initiate the present action.[22] Thus, even with the most generous assumptions for tolling, the negligence claim would remain untimely.[23]

IV.   The Oklahoma Savings Statute

Although tolling is conceptually distinct from the state savings statute,[24] Mr. Staples may have been thinking of the latter when he expressed a belief that he had more time

---

[21]   *See supra* pp. 3-4.

[22]   *See supra* p. 5.

[23]   *See Pipkin v. United States Postal Service*, 951 F.2d 272, 274 (10th Cir. 1991) (rejecting a tolling claim because the second FTCA action was filed more than six months after denial of the grievance); *accord Casenave v. United States*, 991 F.2d 11, 13-14 (1st Cir. 1993) (rejecting a claim for tolling because the plaintiff waited more than nine months, before and after the first FTCA suit, to refile).

[24]   One judge explained:

> There is a difference between the tolling of a statute of limitations and the operation of a savings provision. Tolling involves the suspension of the statute of limitations, thereby extending or lengthening the period of time in which an action may be commenced. As we recognized in *Stinson v. Kaiser Gypsum Co.*, 972 F.2d 59 (3d Cir. 1992), however, a savings provision like [Pa. Const. Stat. § 5535] allows a "timely filed action dismissed after limitations period" to be refiled if the dismissal was based on certain grounds.

*Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 677 (3d Cir. 2008) (Smith, J., dissenting) (citation omitted).

6

because of the filing of the earlier suit. However, a state savings statute would not enlarge the time for suit under the FTCA.[25]

V. The Court's Designation of the Earlier Dismissal as "Without Prejudice"

Mr. Staples points out that the Court dismissed the prior action "without prejudice" after the limitations period had already expired.[26] With a rhetorical question, the Plaintiff suggests that the dismissal could not have been "without prejudice" - as the Court said it was - if a new complaint would have been time-barred.[27] This suggestion is invalid as a matter of law.

"The 'without prejudice' qualifier refers to the right to file a new complaint covering the same claims without facing a defense that they had been litigated previously and, therefore, could no longer be pursued."[28] But a dismissal does create consequences even

---

[25] *See Pipkin v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991) ("We hold that the Oklahoma saving provision is not applicable to the FTCA limitations period." (citations omitted)); *see also Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1288 (10th Cir. 2004) ("there is no legal basis for applying a state saving statute under the FTCA").

[26] Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at pp. 3, 5 (Feb. 25, 2011).

[27] Mr. Staples writes:

So if the Plaintiff had until January 11, 2009, to file this action, how could that [be] mathematically possible when the court in Staples vs United States of America, CIV-08-531-D, was not dismissed without prejudice until January 10, 2009, and Plaintiff was not informed until several months after that of the dismissal.

Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at p. 5 (Feb. 25, 2011).

[28] *Rosales v. Ortiz*, 325 Fed. Appx. 695, 699 (10th Cir. Apr. 30, 2009) (unpublished op.).

when it is "without prejudice."[29] For example, "the 'dismissal of an earlier suit ... without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations.'"[30]

The Plaintiff suggests that the dictionary definition of the phrase, "without prejudice," would indicate an ability to refile the suit.[31] Mr. Staples may be correct,[32] but his suggestion lacks legal significance.[33] Indeed, the Tenth Circuit Court of Appeals "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the limitations period has expired."[34]

---

[29] *Robbins v. Bentsen*, 41 F.3d 1195, 1199 (7th Cir. 1994) (stating that a prior dismissal "'without prejudice' does not mean 'without consequence'" (citation omitted)).

[30] *Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004) (citations omitted).

[31] Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at p. 5 (Feb. 25, 2011).

[32] Mr. Staples quotes *Black's Law Dictionary*. Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at p. 5 (Feb. 25, 2011). The ninth edition of this dictionary defines the phrase, "dismissed without prejudice:" "(Of a case) removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim." *Black's Law Dictionary* 537 (9th ed. 2009) (Garner, Bryan ed.).

[33] *See Worrell v. Bruce*, 296 Fed. Appx. 665, 667 n.2 (10th Cir. Oct. 15, 2008) (unpublished op.) ("'without prejudice' means only a preservation of the status quo as if no filing had occurred; it does not confer the affirmative benefit of tolling the limitations period, absent a specific provision of law to that effect" (citations omitted)).

[34] *AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citation omitted); *see also Davis v. Miller*, 571 F.3d 1058, 1061 n.2 (10th Cir. 2009) ("For all practical purposes, a dismissal without prejudice in these circumstances would likely be tantamount to a dismissal with prejudice because the one-year statute of limitations bars [the petitioner] from refiling his petition." (citation omitted)).

This phenomenon is illustrated by the dismissal of Mr. Staples' prior FTCA suit. The Court dismissed Mr. Staples' prior suit based on an absence of jurisdiction.[35] In the Tenth Circuit, a dismissal on jurisdictional grounds must be "without prejudice" because the court lacks jurisdiction to reach a disposition on the merits.[36] Thus, the Tenth Circuit Court of Appeals has held that when a district court lacks jurisdiction over an FTCA claim, the dismissal must be "without prejudice" even when refiling would be futile.[37]

The Plaintiff presumably thought that he could refile the action because the district court had said the dismissal was "without prejudice." That thought would have been sensible, but does not comport with the legal definition of the phrase, "without prejudice." The Western District of Oklahoma had to dismiss the prior action "without prejudice," under circuit precedents, because of the absence of jurisdiction to enter a disposition on the merits. As discussed above, that dismissal did not affect the limitations period, regardless of whether

---

[35] *Staples v. United States*, Case No. CIV-08-531-D (W.D. Okla. July 17, 2009).

[36] The Tenth Circuit Court of Appeals has stated: "Quite apart from concerns over preclusion consequences, dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (citation omitted; emphasis in original)).

[37] *Mecca v. United States*, 389 Fed. Appx. 775, 780-81 (10th Cir. July 26, 2010) (unpublished op.) ("because the district court found itself without jurisdiction over the FTCA claims, dismissal should have been entered without prejudice, even if the court deemed further amendment futile" (citation omitted)).

9

it was "with" or "without" prejudice.[38] As a result, the present action is untimely even though the limitations period had run during the pendency of the former suit.[39]

VI. Equitable Tolling

In some circumstances, equitable considerations can justify tolling.[40] But, equitable tolling is not available under the FTCA.[41]

VII. Invocation of Other Statutes

The Plaintiff argues that the Court has jurisdiction under 42 U.S.C. § 1983 or 28 U.S.C. § 1331.[42] This argument is not convincing. Section 1983 does not cover claims against the United States,[43] which is the sole defendant. And, 28 U.S.C. § 1331 does not

---

[38] *See supra* pp. 7-8.

[39] *See Dixon v. United States*, 185 F.3d 873, 1999 WL 387188 (10th Cir. June 14, 1999) (unpublished op.) (holding that the second FTCA suit was untimely even though the first FTCA suit had been timely and had been dismissed "without prejudice").

[40] *See*, *e.g.*, *Montoya v. Chao*, 296 F.3d 952, 957-58 (10th Cir. 2002) (discussing the circumstances in which equitable tolling may be appropriate in Title VII actions).

[41] *See Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983) ("The limitation period in 28 U.S.C. § 2401(b) is not to be extended for equitable considerations." (citations & footnote omitted)).

[42] Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at p. 4 (Feb. 25, 2011).

[43] *See Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (stating that the plaintiff's "claim under 42 U.S.C. 1983 fails as a matter of law because this section applies to actions by state and local entities, not to the federal government" (citations omitted)); *Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000) (stating that Section 1983 is "applicable only to actions by state and local entities, not by the federal government" (citations omitted).

waive the federal government's sovereign immunity.[44]  As a result, the absence of jurisdiction is not affected by 42 U.S.C. § 1983 or 28 U.S.C. § 1331.

VIII. Standing

Mr. Staples also argues that the district court has jurisdiction because he has standing to prosecute the action.[45]  This argument reflects confusion between standing and sovereign immunity, as the two are distinct concepts.[46]  Mr. Staples' alleged standing would lack any bearing on whether the government enjoys sovereign immunity.[47]

---

[44] The Tenth Circuit Court of Appeals has explained:

> The general federal question statute, 28 U.S.C. § 1331, grants the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," but "does not waive the government's sovereign immunity." Consequently, district court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity.

*Neighbors for Rational Development, Inc. v. Norton*, 379 F.3d 956, 960-61 (10th Cir. 2004) (citations omitted); *see also High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (stating that 28 U.S.C. § 1331 "does not independently waive the Government's sovereign immunity" (citation omitted)).

[45] Plaintiff's Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion to Dismiss at pp. 5-6 (Feb. 25, 2011).

[46] *See San Juan County v. United States*, 503 F.3d 1163, 1219-20 (10th Cir. 2007) (*en banc*; McConnell, J., concurring) ("standing is a jurisdictional question separate and apart from sovereign immunity").

[47] *See San Juan County v. United States*, 503 F.3d 1163, 1219-20 (10th Cir. 2007) (*en banc*; McConnell, J., concurring) ("the issue here is what sovereign immunity permits, not what the law of standing might preclude").

IX. Summary

The FTCA limitations period is not affected by the savings statute, 42 U.S.C. § 1983, 28 U.S.C. § 1331, tolling, or the theoretical right to refile. Thus, the federal government enjoys sovereign immunity with respect to the negligence claim and the Court should dismiss this cause of action based on the absence of jurisdiction.[48]

### Dismissal "With" or "Without" Prejudice

Because the Court lacks jurisdiction, it must dismiss the action. Even though refiling would be futile, the dismissal should be "without prejudice" because it is based on a lack of jurisdiction.[49]

### Notice of the Right to Object

The parties enjoy the right to object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 24, 2011.[50] The failure to timely object would foreclose appellate review of the suggested dismissal.[51]

---

[48] *See Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) ("if a litigant does not satisfy the timing requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction" (citation omitted); *see also supra* note 11.

[49] *See supra* p. 9.

[50] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[51] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral is not discharged.

Entered this 7th day of March, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge